UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――――――――

EPHRAIM STEINWURZEL on behalf of himself and
all other similarly situated consumers

                                Plaintiff,

      -against-

GC SERVICES LIMITED PARTNERSHIP

                                Defendant.
―――――――――――――――――――――――――――――――――――

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Ephraim Steinwurzel, brings this action against GC Services Limited Partnership for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Houston, Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Ephraim Steinwurzel

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about July 12, 2014, the Defendant sent the Plaintiff a collection letter in an attempt to collect on a balance allegedly incurred for personal purposes.

11. The above mentioned letter was the Defendant's first communication with the Plaintiff.

12. The July 12, 2014 letter provided a notice of the Plaintiff's rights as required under 15 U.S.C. § 1692g(a), and as the FDCPA requires in an initial communication with a consumer.

13. As stated in 15 U.S.C. § 1692g, the consumer had thirty days from the initial communication to dispute the debt or request verification.

14. On or about August 12, 2014, the Defendant sent the Plaintiff a further collection letter in an attempt to collect on the alleged debt.

15. In its second communication with the Plaintiff, the Defendant represented that the Plaintiff had an additional thirty days from the date of that subsequent letter to dispute the debt or request verification.

16. Being that the law does not provide any such rights with respect to a subsequent communication, the Defendant's representation in the August 12, 2014 letter was false and misleading.

17. The FDCPA only provides the consumer with one thirty-day period from the debt collector's initial communication within which to exercise his or her rights as provided by 15 U.S.C. § 1692g(a).

18. The said August 12, 2014 letter was able to misinform the Plaintiff into relying on the false information.

19. The Defendant, by including the notices required by 15 U.S.C. § 1692g in two separate communications, which were one month apart, would confuse the least sophisticated consumer by stating that he or she had two separate thirty-day periods to make a dispute on the debt, when in fact he or she only had one thirty-day period to do so

20. 15 U.S.C. § 1692e(10) of the FDCPA forbids a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. Regardless of knowledge or intent, if a debt collector's statement has the capacity to mislead an unsophisticated consumer, it violates section 1692e(10). See[1] *Christopher v. RJM Acquisitions LLC,* 2015 U.S. Dist. LEXIS 12452 (D. Ariz. Feb. 3, 2015). ("The Court finds, however, that an unsophisticated debtor could be confused by receiving two nearly identical letters that, using identical language, state that he or she has thirty days to

---

[1] *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP.*, 217 F. Supp. 2d 336, 340 (E.D.N.Y. 2002) (finding a violation where the debt collector's notice extended plaintiff's rights and misrepresented that the consumer could dispute debt either orally or in writing, when section 1692g(a)(4) requires a written dispute); see also *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 869 (S.D. Tex. 2011) ("The defendant's argument that its collection letter afforded the plaintiffs additional rights assumes that the defendant would have been legally obligated to provide the plaintiffs the information required by subsections 1692g(a)(4) and (a)(5) in response to oral requests. This assumption is incorrect."); *McCabe v. Crawford & Co.,* 272 F. Supp. 2d 736, 742 (N.D. Ill. 2003) (rejecting debt collector's contention "that by allowing the debtor to give either written or oral notification, it has gone above and beyond its duty under § 1692g"). Notably, Defendant remains free to choose to honor disputes that may come after the initial 30-day period, without misleading the consumer as to their legal rights. However, by representing that the law provided the consumer an additional 30 days from Defendant's initial communication, when it was not the initial communication with Plaintiff, Defendant falsely represented Plaintiff's rights under the law. Cf. *Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d 200, 206 (E.D.N.Y. 2009) ("It makes no difference whether [the debt collector] would have honored an oral request. First, debt collectors have no duty to honor oral requests. Second, plaintiffs are not required to show that debt collectors intentionally violate the Act.").

dispute the debt. The unsophisticated debtor might have a lot of questions when he or she receives the second letter: "Did the debt collector already 'assume this debt is valid,' since I did not respond to the first letter? If so, then why did the debt collector send me a second notice, saying that I have another thirty days? Does this new letter restart the thirty days mentioned in the first letter, or does the second letter act as an extension of the thirty days afforded by the first letter? If I don't respond to this second letter, will the debt collector actually assume that I owe this money, or will it send me yet another letter?"")

21. Misleading a consumer into believing that he or she has greater rights than the law actually provides violates section 1692e.

22. 15 U.S.C. § 1692e(10) forbids "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." The Defendant violated § 1692e(10) by representing in the first letter that the Plaintiff had thirty days from receipt of initial letter to dispute the debt, and then representing the same thing in the subsequent August 12, 2014 letter.

23. The FDCPA only provides thirty days, and thirty days only, from the original notice for a debtor to dispute a debt.

24. The Defendant's action of sending a second letter with another thirty day notice was "false and misleading" because the letter left the impression that the Plaintiff has "more rights than the law actually provides." See: *Norton v. Wilshire Credit Corp.*, 1997 U.S. Dist. LEXIS 23360, *25-26 (D.N.J. July 14, 1997) ("The letters sent by Wilshire to Norton dated October 1994, February 1995 and March 1995 on their face violate § 1692e, because they serve to deceive the least sophisticated debtor into believing that he may have an additional thirty days to dispute the debt"); *Seplak v. IMBS, Inc.,* 1999 U.S.

Dist. LEXIS 2106, *14, 1999 WL 104730 (N.D. Ill. Feb. 22, 1999) ("Even a statement of intention to act in an entirely legal manner, absent an explanation of how that intention fits within the statutory validation period, can render the communication confusing to the unsophisticated consumer." The second letter was also confusing because it contained another thirty-day notice.)

25. A debtor trying to exercise those non-existent rights would not be protected under the FDCPA and they would not be able to seek any redress. A second validation notice would not provide any protections to the debtor rendering the validation notice deceptive and confusing in violation of the FDCPA.

26. The Defendant falsely represented that the consumer had thirty days from a subsequent communication to dispute the debt or request its verification, when the law only permits a consumer to do so within thirty days from the initial communication. 15 U.S.C § 1692g(a). Misleading the consumer into believing that he or she has greater rights than the law actually provides violates section 1692e. See: *Christopher v. RJM Acquisitions LLC,* 2015 U.S. Dist. LEXIS 12452 (D. Ariz. Feb. 3, 2015) ("[T]he unsophisticated debtor standard is very low, and the most naïve, uninformed person could conceivably be confused as to his or her options after receiving the second letter. The Court therefore finds that Defendant violated § 1692e(10) by sending two letters to the same person, each representing that Plaintiff had thirty days from receipt of the letter to dispute the debt.")

27. The Defendant misrepresented that Plaintiff had two separate periods within which the consumer could dispute the validity of the debt and request its verification, when the FDCPA only provides the consumer with one thirty-day period from the debt collector's

initial communication within which to exercise the rights provided by 15 U.S.C. § 1692g(a).

28. Making a consumer think they have more rights than the law actually provides for them is just as harmful, if not more so, than if Defendant had represented that the consumer had less time to dispute the debt. The consumer may rely on the Defendant's representation to their detriment; in addition the Defendant will have no legal obligation to provide verification. Because Defendant's misrepresentation has the capacity to "frustrate a consumer's ability to intelligently choose his or her response," it is material. The Defendant misled Plaintiff as to his consumer rights, and therefore violated 15 U.S.C. §§ 1692e and 1692e(10).

29. The said August 12, 2014 letter can be reasonably read to have two or more different meanings, one of which is false.[2]

30. The Defendant's August 12, 2014 letter is in violation of 15 U.S.C. §§ 1692e and 1692e(10) for using a false representation or deceptive means to collect on the alleged debt, and for misrepresenting that Plaintiff had an additional thirty-day dispute period, when in fact, he only had one thirty-day period to dispute the debt.

31. The Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

---

[2] *Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22, 25 (2d Cir. 1989) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); *Russell v. Equifax A.R.S.,* 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.).

## CLASS ALLEGATIONS

32. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

33. The identities of all class members are readily ascertainable from the records of GC Services Limited Partnership and those business and governmental entities on whose behalf it attempts to collect debts.

34. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of GC Services Limited Partnership, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

35. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

36. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

37. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

38. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

    (e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

39. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

40. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

42. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

43. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty two (42) as if set forth fully in this cause of action.

44. This cause of action is brought on behalf of Plaintiff and the members of a class.

45. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letters as the letters sent to the Plaintiff on or about August 12, 2014; and (a) the collection letters were sent to a consumer seeking payment of a personal debt; and (b) the collection letters were not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692e and 1692e(10) for using a false representation or deceptive means to collect on the alleged debt, and for misrepresenting that Plaintiff had an additional thirty-day dispute period, when in fact, he only had one thirty-day period to dispute the debt.

## Violations of the Fair Debt Collection Practices Act

46. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

47. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

   (a)   Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

   (b)   Attorney fees, litigation expenses and costs incurred in bringing this action; and

   (c)   Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
       July 10, 2015

                ___/s/__Maxim Maximov_____
                Maxim Maximov, Esq.
                Attorneys for the Plaintiff
                Maxim Maximov, LLP
                1701 Avenue P
                Brooklyn, New York 11229
                Office: (718) 395-3459
                Facsimile: (718) 408-9570
                E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                __/s/__ Maxim Maximov_____
                Maxim Maximov, Esq.